We have four argued cases this morning. The first is number 22, 1996. Shane versus Newell Brands, Inc. Mr. Schroeder. Good morning, Your Honors, and may it please the Court. This appeal involves the correct interpretation of a simple phrase. What does the patent claims mean when they say to position the infant such that the infant's feet are substantially below the infant's head? These are simple words with a well-understood meaning. And I think the crux of the dispute here appears to be whether the infant's feet must be substantially below the height of the head, defined by the horizontal plane running through the head, or whether they must also be within the same vertical plane as the head. Under the proper construction of this term, there can be no factual dispute that Graco Souther falls within the scope of the claims. I'd like to first address and primarily focus on the claim construction issues before turning to the summary judgment issue. Perhaps a different way to describe the choice is whether you're comparing a plane where the head is on one side the same, plane versus feet. And let's think of the feet as a single point, I think. Or whether below refers to essentially a linear relationship where the line is essentially vertical. Why wouldn't the second one, both, I think, are perfectly, in general, available meanings of below? If you're in a hospital bed and they say, keep your head above the feet, you're not talking about a linear relationship between head and feet, just about levels for flow of water, basically. But this one seems to be about a linear relationship. And therefore, that would, and I take it that the district court's claim construction was essentially that. I think that is the way to set up the dichotomy between the two positions here. But I disagree that the claims were relationship in the vertical plane. And if I may, Your Honor, we could start with the claims themselves. They use the term below, as opposed to underneath, which would be more precise if you were seeking to claim a more vertical, linear relationship. Also, the claims use the word vertical to modify the motion that's imparted. But they do not, in at least the independent claims, use the word vertical to describe the position. But doesn't that flow to a large extent from the prosecution history, where the board distinguished this piece of prior art because of basically a lack of verticality? I think that's right, Your Honor, although that deals with below the horizontal plane of the head. So when we look to the prosecution history, there was before the patent office, the closest prior art was this reference boomer. And it was consistent with the prior art discussed in the patent itself that would have an incline of at most 45 degrees, and then you have a right angle. So in that type of orientation, the infant's feet are near the level of the infant's head. It was not, it would have been quite easy if the patent office viewed this limitation as requiring a vertical relationship, meaning that the feet had to be directly underneath the head, under no interpretation. If that was how the patent office viewed these claims, there is no way Bloomer would have even been selected by the examiner as following within the scope of the claims, because it is on the same level. But yeah, Bloomer was distinguished on the ground that it was really horizontal. And what the board is saying is to anticipate or render obvious, it would have to be more vertical, right? It would have to be not so close to the horizontal level of the head. So if we look at the actual language in the board's decision there, it refers to, and this is on appendix 308 to 309, it distinguishes the claims from Bloomer because Bloomer shows a position in which the infant's feet are very close to the horizontal plane of the infant's head. If we were talking about difference in the vertical plane, it wouldn't matter how close it would be to that horizontal plane. It could still be directly underneath, say if you were to contort yourself in a way that your feet would be, your chin would be resting on your head. That would still be below on the vertical axis. But we're talking about here on the horizontal plane is what they're looking at. And so that's why I think the prosecution history informs the claim construction here, that what the patent office was looking at is how far below the horizontal plane defined by the head are the feet. So putting aside the prosecution history piece and just thinking about looking at the patent, so I guess things that seem to me to weigh in favor of the linear view of it are the head is essentially a point. If you think of the feet as two points, that's essentially one. And they're actually connected to the first point, namely the head. And then you look at the pictures, which are about carrying a baby against the chest and either against the real chest or the little device that the baby is shown on something that mimics the chest. Why doesn't that point to the better meaning of this language being the linear one? And so below means really pretty close to a vertical line. I think if the claims, so I think, Your Honor, we need to first look at the words used in the claims. The claims, just the position which the infant's feet are substantially below the infant's head, I think that connotes just a delta in the y-axis, if you will, and not necessarily a correlation in the x-axis. Does not have to be directly underneath. The claims do not recite underneath. And in fact, when we look in the specification itself, there's an example where they use the term under to refer to placing a heating element underneath the surface. And that is more of a direct correlation in that x-axis as opposed to below, which simply requires below the horizontal plane of the head. And so I think that's how we get there. And also, when you look even at the party's claim construction briefing as well, Graco had initially argued that substantially below was indefinite because it didn't specify how far below, meaning how far below in the y-axis it must be below the head. And then they argued that substantially below requires that the feet be below the head, quote, by a considerable amount or by quite a lot. That, again, is only referring to the delta in the x-axis, or in the vertical axis, in the y-axis, not any sort of how far away from my head in the x-axis must the feet be to also meet that construction. So if you look at page 28 of your brief, and I'm just wondering how to make the measurements here. And if you look at that left-hand figure there, where it says 25 degrees and 50 degrees, well, shouldn't the line that you're measuring be from the feet to the head rather than the relationship of the torso to verticality? So that, and if my calculation is correct, that would be 25 degrees, right, off the vertical. You're right, Your Honor, in the sense that the position that's important is looking at the infant's head with respect to the infant's feet. So you would, are you agreeing that the measurement, you draw a line there from the head to the feet to determine whether it's sufficiently vertical? I think our gray brief on page 14 has that same image that you see on the right, but annotated. And I think this helps solidify or illustrate the position. Yeah, but I'm not understanding whether you're agreeing with me or disagreeing with me. Isn't the correct measurement to measure the angle from the feet to the head and determine how near that is to the vertical? That would be one way of measuring the angle, yes. But I disagree that that's what the claims require. The claim requires the infant's feet to be substantially below the infant's head. So those are two points in space. And you simply compare their relative location in space without reference to an angle. And that's why the annotated figure on gray brief 14 shows the plane in which the infant's head is in and the plane in which the infant's feet is in. What about the other picture on 28 of your blue brief, the left-hand picture with the actual angles shown? I think, at least my understanding of the questions that Dyke was asking is, so here you have two lines where you're measuring angles. The one on the left is the bottom of the holding device off to the left to the feet, and the other is the bottom of the holding device, let's say, to the head. But there's another line to be drawn, essentially, between the feet and the head, which is neither of these two lines. Yes, that's correct. And if you were to draw a line from the feet to the head, it would be a downward-sloping line. And this goes to when we talk about how you would apply, actually, the district court's construction of more mainly vertical. It would be more mainly vertical if you were to draw a line, say, from the infant's head down to the infant's head. I want you to look at the other picture. Yes, this one on 28. Yeah, but not the one with the baby in it. Just the one with the, yes, that one. So over to the left, very close to the y-axis, just above 25 degrees. Let's call that the feet. And let's call over in the northeast corner at the top of the blue line the head. Now draw a line between those two things. That's going to be less than 50 degrees from horizontal, more than 40 degrees from vertical. So that angle may be, but in that angle, we still would have the point of the feet being substantially below the point of the head, which is what the plain language of the claims connote. I thought there was an argument that even if one looked at the linear stuff, 50 is closer to vertical than it is to horizontal. But that's only if you use this kind of back of the holding thing device, whereas that would not be true if you do this undrawn line. It's going to be under 50. I see what you're asking, Your Honor. Yes, so that would be under the district court's mainly vertical orientation construction. And by under, I mean less than. Yes, yes. So under the district court's mainly vertical. So it would be non-infringing under the district court's mainly vertical. No, I disagree with that as well, Your Honor. But if you do the measurement that way, the way that Judge Toronto and I have been talking about, that would be non-infringing under the district court's construction, right? I disagree with that. And neither side made that argument below, that that's how this should have been measured. The issue was when we look in the patent, it describes the prior art that angles up to 45 degree, whereas this view. But we can come up with a slightly different claim construction. That's not forbidden, right? That's correct. Claim construction is reviewed de novo. And I don't know if we don't have the measurement, because there's also the pillow. That's at play here, and also where the infant's feet are positioned in order to determine the angle specifically, what that is. This was not under the district court's claim construction of mainly vertical orientation. Mr. Shane's expert said that as an engineering perspective, the way you would address that is mainly vertical, would be more vertical than horizontal. Well, the virtue of the claim, the measurement that I've been suggesting to you, is that it is measuring directly how much the feet are below the head. As a function of an angle, yes. But as a function of two points in space, I don't think that that's what the claim language, when it refers to whether one is substantially below the other, I think that refers to distance as opposed to an angle. OK. Unless there are other questions, I'm going to reserve the rest of your time. We'll give you two minutes. Yes, sir. Thank you. Mr. Leonard? Good morning, Your Honors. And may it please the court. I want to start with the line of questioning that Your Honors were asking my friends on the other side regarding the linear relationship of the infant. I think you picked up on a critical point of the patents. And I think that is the correct way to think about it. If you look to the specification to the claims as well, the positioning of the infant is what's critical to Mr. Shane's invention. He describes the purpose of the invention as attempting to soothe an infant. And that often the only way to soothe an infant is to hold the infant in a vertical orientation. And that this vertical orientation and vertical motion is often the only way to soothe an infant. So he's already set up kind of the purpose of his invention. That orientation is critical to his invention. He goes on to describe in the specification what the knees can be bent, right? The figures two and three in the patent show bended knees. That's correct. And I think that's consistent with the district court's claim construction, construing the terms to be a position with the infant in a mainly vertical orientation. It doesn't require strict verticality. There's going to be some adjustment of the infant. Excuse me, Your Honor. So the legs can be slightly bent. But they can't be raised toward the head. Because as you noted, we now are no longer talking about an infant's feet substantially below its head or the infant in a mainly vertical orientation. And because that orientation is so critical, according to Mr. Shane and the specification to soothe an infant, that the accused product, which positioned the infant in a seated reclined position with the infant's legs raised towards its head, is a fundamentally different device than what Mr. Shane was describing. So I think the specification, as you mentioned the figures, figure one, which is showing the prior art that the patent was intended to mimic. So a caregiver holding the infant in a vertical orientation. And then figures two and three, which are embodiments of the invention, replicating that same orientation. So the infant's in an upright, mainly vertical orientation.  is critical to soothing the infant, according to the patent. Now, in order for Mr. Shane's infringement positions to work, he took a broadened interpretation of the district court's claim language, essentially a construction of the construction. He took the position that in order for an infant to be in a mainly vertical orientation, all that was required was that the infant's back was greater than 45 degrees. And although he criticizes the district court's claim construction for allegedly injecting an infant orientation to the claims, as opposed to defining the claims based on the infant's feet with respect to its head, for purposes of infringement, he abandons that argument, focuses only on the infant's back, says you ignore the infant's feet, the infant's head, and that's all that matters. The issue with this argument is we presented a hypothetical in our brief. If you have an infant that is in a seated reclined position, similar to the Bloomer reference that was at issue in the prosecution history, where the infant's back is at 46 degrees, the legs are elevated at 44 degrees, under Shane's infringement argument, that would be an infringing product under the patent. And that's just an unreasonable result, given the claim language, given the specification, and how Mr. Shane defined his invention. So again, we believe that the linear relationship of the infant's head with respect to its feet is the proper interpretation of the claims, and that is what Mr. Shane was trying to describe when he said that the position of the infant's feet had to be substantially below its head. I think it's clear from the language. We agree that this is a simple case about the meaning and application of simple words. I think it's clear from the claims, particularly when you read them in light of the specification, the orientation that Mr. Shane was attempting to describe. In addition to the claim language and the specification supporting the district court's claim construction... Can I just ask you, I think Mr. Schroeder referred to what you argued by way of indefiniteness at the initial claim construction. What did you argue about indefiniteness? And I took his point to be that you made an argument about indefiniteness that either assumed or asserted that the right question to ask was the altitude difference between the head and feet. That's the plainer view. Correct. And that you just don't know how much altitude difference there has to be. Is that what you argued or was that only on the assumption that the altitude difference was the right framework but not an endorsement of that assumption? That's correct. I think the purpose of our indefiniteness argument was based on Shane's position that the claims required no construction. We thought construction was necessary because the claims were ambiguous. So in the event that Shane was arguing that no construction was needed, then in our position the claims were indefinite because we could not tell what it meant for the infant's feet to be substantially below its head. But in reality, our primary position was that the specification is clear on what that position is, that it's this linear relationship between the infant's head and feet consistent with the specification in a mainly vertical orientation. Okay. In addition to the claims and the specifications supporting the District Court's claim construction, during the claim construction process, Mr. Shane stated in his opening claim construction brief that one of ordinary skill in the art would recognize that substantially vertical means a position in which the infant's feet are substantially below its head. And it's that Appendix 528. So effectively, in his opening claim construction brief, trial counsel for Mr. Shane essentially agreed with the District Court's claim construction. He said the claim language at issue meant substantially vertical. And that, in addition to the intrinsic record the court relied on, and I think that all supports the mainly vertical orientation that the District Court held. Now, appellate counsel has tried to walk that back on appeal, but I think it's critical that Mr. Shane made this admission or this affirmative statement in his opening claim construction brief. We pointed this out in our responsive brief, and at no point did he ever try to clarify or explain what he was really trying to say. He didn't say anything in his reply brief. He didn't say anything at the Markman hearing. And he didn't say anything during summary judgment briefing. So he seemed to stand on that affirmative statement that the claim language meant that the infant was in a substantially vertical position. Now, one of Mr. Shane's criticisms of the District Court's claim construction is that it injected an infant orientation into the claims. But the claims clearly provide that it's the infant orientation that's important. Shane repeatedly noted this during the prosecution when he was distinguishing Bloomer, that it's the position of the infant that is critical and that Bloomer, which is a reclined, a device that has the infant in a reclined seated position with its legs elevated towards its head, was not his invention. And further, both parties, experts, agree that the infant orientation is what's critical. And that can be found at appendix 2868 through 2870 and also at paragraphs 48 through 52 and appendix 3185 through 3186, pages 58 and 59. So Mr. Shane's primary argument that the District Court's claim construction was wrong, it doesn't work because when the District Court defined the position of the infant as a position with the infant in a mani-vertical orientation, he was necessarily defining the position of the head with respect to the feet. So in defining the position of the infant, he was defining the points of the feet and the head. Also, the specification makes no specific reference to the positioning of the feet, no reference to the position of the head. There's no position of them relative to each other. What it does reference is the verticality of the infant or that the embodiments position the infant in a vertical orientation. In fact, the only reference to feet in the specification has to do with a feature that can be added to the device because when an infant is hanging in an upright position for so long, it can become fatigued and it needs support for its legs, which are hanging. Okay, can I just ask you about the PTAB decision, which I guess led to the issuance of the patent that was in the application. I'm looking at appendix 308 and the board says, one of ordinary skill at the time of invention would understand the phrase, the infant's feet are substantially below its head to mean that the infant's feet are considerably below its head rather than near the height of the infant's head. I took the other side's position to be that essentially adopted the altitude or planar notion of below rather than the linear view. Why isn't that right? Yeah, I would disagree with that. I mean, I think inherent in the claim language position with the infant's feet substantially below its head is the alternative to that, that the feet are not near the height of its head. And then, you know, further language that actually uses the phrase horizontal plane of the head. I take those two things to be the same. Is that a problem for your position? I don't think so. I think what the PTAB was saying is that, and this is in reference to the Bloomer prior art, which again is very similar to the accused product. What it's saying is it's not that type of device. It's not the type of device where the legs are elevated towards its head. The feet need to be substantially below, whereas the PTAB said considerably below. I don't think it was taking the position that there was a horizontal plane aspect to it, rather that the infant's feet essentially had substantially below meaning not near the plane, so below the plane of the infant's head. And I think, again, if you look to the specification that makes clear what the position of the infant was or what the intention of the patent was. Further, I'll just add that the PTAB construction was based on a broadest reasonable interpretation standard, which of course the district court does not apply and it's not required to adopt the PTAB's decision because of the differing standards. The specification also never discusses a orientation where an infant is in a reclined seated position. It's very clear of the orientation it's describing and it's this vertical or mainly vertical orientation that's critical, according to the patent, to soothing an infant. It also never discusses a position in which the infant's feet are elevated.  that is critical to soothing an infant. Given Mr. Shane's description of what he was trying to accomplish with his invention. With respect to Mr. Shane's infringement position, he again, as I mentioned before, takes the position, he interprets the district court's claim construction further than the district court did, arguing that all that is required is the infant's back must be 45 degrees. The issue with that is there's no support for that claim, for that interpretation of the court's construction. It's nowhere in the claim language. There's nothing in the specification that supports that all you need to look at is the infant's back or that greater than 45 is all that's required of the claims. In fact, the intrinsic record makes no mention of specific angles, no mention that you only consider the infant's back and you ignore the infant's feet. In fact, the claims clearly show that it's the orientation of the entire infant, so you have to consider the feet and the head. And I think it's clear why he took that position, because under the properly construed claims, the accused products simply do not infringe. They're fundamentally different devices than what is claimed. So in taking that position, he's trying to impermissibly broaden the claim language beyond what Mr. Shane actually claims. Further, in presenting his infringement arguments or his arguments against non-infringement, Mr. Shane never actually applied the properly construed claims and compared them to the accused products, because what he did was he took his further interpretation and used that throughout, but he never actually compared the properly construed claims to the accused products. The only thing Mr. Shane cites to is a statement by his expert, which essentially adopts this greater than 45 position. But that statement is entirely conclusory and unsupported. There's no support that he cites to in the specification, no analysis to say why this is the correct interpretation. And in his report, he actually provides misleading figures, and this is at appendix 2213 and 2214, in which the images we were looking at on, I believe it was page 28 of Mr. Shane's opening brief, showing the orientation, the 50-degree angle and the 25-degree angle, what their expert does is actually prop that picture to remove the infant's, the seat bottom angle, essentially presenting a misleading demonstration of what the accused products and how it orients the infant. Okay, I think, Mr. Leonard, we're out of time. Thank you. Thank you, Your Honors. Mr. Schroeder. Is it Schroeder or Schrader? Schroeder, Your Honor. Schroeder. Two minutes. I have a few points to make in rebuttal. First, under Graco's interpretation, as they argued opposing summary judgment, and in their red brief on page 23, they viewed the district court's mainly vertical orientation to require the infant to be confined to a single plane, meaning the infant cannot be seated. And you can see this, like I said, red brief 23, and their expert made these statements on appendix 2373 and 2866. And so taking that to its extreme, that means if you're seated or if your legs are elevated, you cannot be in any orientation, according to Graco, meaning they would contend, even Your Honors, seated at the bench, your feet are not substantially below your head. That cannot square with the plain language of the claims. And then turning back to the point where I think we started with before about whether this is the linear theory or the linear interpretation of this claim element as opposed to the planar, the board's opinion, which is part of the prosecution history of these patents, resolves any dispute by using the language near the height of the head and referring to the horizontal plane of the head. That's the planar view as opposed to the linear theory. And finally, with respect to the purported concession, Mr. Shane did not concede in the district court's construction. If you look at the statement on appendix 528, he is advocating for the position of claim interpretation adopted by the board. So if you complete the sentence, the part that was cropped, he says, i.e., the infant's feet are considerably below its head rather than near the height of the infant's head as found by the PTAB. That's advocating for the planar view of the claims as opposed to the linear view of the claims. Unless there's any other further questions, Your Honor, I'll call it a night. Thank you, Mr. Schroeder. Thank both counsel. The case is submitted.